United States District Court
Southern District of Texas
**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ADONIS CEBALLO RUBIO**, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-672** |
| | § | |
| **WARDEN**, in his/her official capacity, | § | |
| El Valle Detention Center, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Adonis Ceballo Rubio's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Rubio's "§ 2241 Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Rubio's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On December 12, 2025, Rubio, a citizen of Cuba, was taken into immigration custody. Dkt. No. 1 at 4. On February 4, 2026, an immigration judge ordered Rubio's removal. *Automated Case Information*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, (last visited June 17, 2026), https://acis.eoir.justice.gov/en/ (search "A-Number" field as "240318268" and "Nationality" field as "Cuba"). On February 13, 2026, Rubio appealed the removal order to the Board of Immigration Appeals ("BIA"); the appeal remains

[1] Information obtained from Rubio's § 2241 Petition. *See* Dkt. No. 1.

pending. *Id.*; Dkt. No. 1 at 4–5. Rubio is currently detained at the El Valle Detention Facility ("El Valle") in Raymondville, Texas. Dkt. No. 1 at 1. On June 15, 2026, Rubio, proceeding pro se, filed his § 2241 Petition. *Id.*

## II. LEGAL STANDARDS

### A. Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise. *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte. *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1. Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement. *Lujan*, 504 U.S. at 559. Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision." *Id.* at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle v. Norton*, 537 U.S. 1071 (2002). For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted). A premature claim for relief

is not judicially ripe and falls outside the federal courts' limited jurisdiction. *Shields*, 289 F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam) (noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it. *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

**B. *Zadvydas v. Davis***

Immigration judges are authorized to issue orders of removal, which become final once the Board of Immigration Appeals ("BIA") has acted or the time to seek review of a removal order expires. *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F. Supp. 3d 598, 614 (S.D. Tex. 2021) (Tipton, J.). Generally, the Government has 90 days to execute a final removal order and remove the unauthorized immigrant from the United States. 8 U.S.C. § 1231(a)(1)(A).

Though § 2241 proceedings "remain available as a forum for statutory and constitutional challenges to post-removal-period detention," the detainee's ability to seek habeas relief is subject to certain time constraints. *Zadvydas*, 533 U.S. at 688. When the Government fails to execute a removal order within the 90-day period, post-removal detention must be limited to a period "reasonably necessary" to effectuate removal; indefinite detention is impermissible. *Id.* at 689.

This does not mean that any amount of post-removal-period of confinement is unlawful; rather, the Government's obligation to rebut a presumption of indefinite detention does not activate until after detention has been ongoing longer than six months,

and only after the immigrant detainee first makes a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Up to six months of immigration detention after entry of a final removal order is, therefore, "presumptively reasonable." *Id.*; *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam).

In arriving at the six-month presumption, the United States Supreme Court acknowledged the sensitive interplay of separation of powers concerns and national interests in the immigration context. *See Zadvydas*, 533 U.S. at 700. The six-month presumption, then, reflects a reasoned judgment that earlier review of post-removal-period detention poses too great a risk to institutional interests to properly warrant judicial scrutiny.

### C. Pro Se Filings

A pleading by a pro se litigant is liberally construed under a less stringent standard of review than a formal pleading drafted by a lawyer. *Erickson*, 551 U.S. at 94 (2007). Nevertheless, a pro se filing must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir. 2013)). The Court need not develop the plaintiff's argument on his own behalf. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

## III. DISCUSSION

Rubio alleges that his detention is "illegal" and that he has "been in ICE custody for more than 180 days." Dkt. No. 1 at 6–7. The Court, then, liberally construes Rubio's claim for relief under *Zadvydas*. *Id.*; *E.E.O.C.*, 767 F.3d at 484. However, as he admits in his § 2241 Petition, Rubio has an appeal pending decision with the BIA. Dkt. No. 1 at 5; *Automated Case Information*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, (last visited June 17, 2026), https://acis.eoir.justice.gov/en/. Accordingly, Rubio is not subject to a final order of removal and his § 2241 Petition [Dkt. No. 1] is unripe. 8 C.F.R. § 1241.1(a) (an order of removal becomes final once the BIA has acted upon it); 8 U.S.C. § 1231(a)(i)(B)(i) ("The removal period begins … [t]he date the order of removal becomes administratively final."); *Zadvydas*, 533 U.S. at 688 (stating that the post-removal-period detention statute applies only after a noncitizen has been ordered removed).

As a result, judicial intervention at this stage is premature and, for the reasons explained in *Zadvydas*, would be imprudent considering the Executive branch's primary prerogative over the administration of immigrant removal. *See Zadvydas*, 533 U.S. at 700. Accordingly, Rubio's claim is not ripe and is subject to dismissal for lack of subject matter jurisdiction.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Rubio's § 2241 Petition [Dkt. No. 1]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **29th** day of **July, 2026** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**